UNITED STATES of America,
Appellee,

v.

Alexander WASHINGTON, III,
Appellant.

No. 14336.

United States Court of Appeals,
Fourth Circuit.

July 6, 1970.

Charles W. Hawks, Jr., Mattox, Hawks & Sondej, Portsmouth, Va., on brief for appellant.

Brian P. Gettings, U. S. Atty., and James A. Oast, Jr., Asst. U. S. Atty., on brief for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

Alexander Washington, III, appeals from his conviction, by the district court (Kellam, J.) without a jury, for interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312. He asserts that the uncorroborated testimony of his accomplices was insufficient evidence upon which to base a guilty verdict. We find oral argument unnecessary and summarily affirm.

The government's evidence tended to show that at some time after 11:00 p. m. on June 5, 1969, and before morning on June 6, an automobile belonging to one Clara Jackson was stolen in Newark, New Jersey. On the evening of June 5 Washington, using a false name, suggested to three other persons in Newark that they make a joint trip to Norfolk, Virginia. After they agreed to make the trip Washington left and reappeared at about 2:00 a. m. driving the stolen automobile. After making a brief side trip into New York City, the party went to Norfolk with Washington driving. According to the testimony of one of the government's witnesses, Washington, on at least one occasion admitted that the automobile was stolen and discussed the possibility of changing license plates. At trial the defendant denied that he knew the automobile was stolen and testified that one of his companions on the trip, Samuel Lee, had furnished and driven it.

 The government's evidence, if believed, is sufficient to support the trial court's finding of guilt. That evidence came largely from testimony by two of Washington's companions, one of whom was a codefendant. Washington urges that because he produced defense witnesses to contradict portions of his companions' testimony and because those companions assertedly had an interest in shifting blame for the theft to him, their evidence should not be considered and should be held inherently incredible. We have previously held that the uncor-

roborated testimony of an accomplice, if sufficient to make out the elements of the crime and if believed beyond a reasonable doubt by the trier of fact, will support a conviction. United States v. Maddox, 394 F.2d 297 (4th Cir. 1968); United States v. Horning, 409 F.2d 424 (4th Cir. 1969). The determination of credibility is one to be made by the trier of fact based upon all of the circumstances. Washington's witnesses, whose testimony tended to implicate Lee as the thief, stood in no intrinsically better position than the government's witnesses. Their testimony, too, was contradicted, and most of them were Washington's relatives who thus had an interest in the outcome of the case.

The issue of Washington's guilt, including questions of credibility, was submitted to the court, as trier of fact, and was resolved against him. Because there was ample evidence to support the court's finding of guilt, the judgment is

Affirmed.