**UNITED STATES of America,**
**Appellee,**

v.

**William Arnold FISHER, Appellant.**

**No. 73–1499.**

United States Court of Appeals,
Fourth Circuit.

Submitted Aug. 20, 1973.

Decided Sept. 21, 1973.

L. David Lindauer, Portsmouth, Va., on brief for appellant.

Brian P. Gettings, U. S. Atty., and Michael A. Rhine, Asst. U. S. Atty., on brief for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM.

The appellant, William Arnold Fisher, seeks reversal of a judgment entered by the trial court sitting without a jury. Fisher was found guilty of conspiracy to smuggle marihuana into the United States, in violation of 21 U.S.C. § 176(a) (now repealed), and was sentenced to the then statutorily mandated minimum term of five years imprisonment. He contends on appeal that the Government failed to prove him guilty beyond a reasonable doubt and that the failure of the prosecution to call a material witness was error.

The indictment named Fisher and two others as defendants; William Truelove, Roy Smith, and Barry Stewart were named as co-conspirators but not as defendants. It was alleged that these individuals conspired to smuggle a quantity of marihuana from Jamaica into the United States by mailing it air freight to Norfolk, Virginia.

The testimony of the chief government witnesses, Smith and Stewart, was contradictory on certain points but, taken as a whole, amply served to establish the conspiracy. Additionally, Fisher admitted the following facts: he had knowledge of the scheme to smuggle the marihuana; he was present with several of the others when their plans to pick up the shipment at the Norfolk airport were discussed; and he was at the airport in the company of Truelove, Stewart, and Smith when Smith made an abortive attempt to pick up the marihuana. Nevertheless, he adamantly denied any participation in or consent to the scheme, claiming that his presence in the company of the others, one of whom he had known for some time, was originally mere happenstance and continued only out of fear for his safety.

It appears there is no question that Truelove, Stewart, Smith, and the other two men conspired to illegally import marihuana. The only issue presented is whether Fisher was a participant in that conspiracy. The lower court found that Fisher had planned to "pull" the marihuana shipment at the airport, that he was present when the other conspirators formulated an alternative scheme for getting the shipment, that he was to receive a share of the marihuana, that he engaged in active efforts to further the conspiracy, and that he was interested in its success.

In considering the sufficiency of evidence, our guideline is that "we do not determine whether it convinces us of guilt beyond a reasonable doubt, but only that the evidence would permit the triers of fact to find the defendant guilty beyond a reasonable doubt." United States v. Sherman, 421 F.2d 198, 199 (4 Cir. 1970). We conclude that the evidence was amply sufficient to support the finding by the trial court of Fisher's guilt beyond a reasonable doubt. The trial court's conclusion that Fisher was involved was based on an acceptance of Stewart's version of the events and Fisher's own testimony. It is not for an appellate court "to weigh the evidence or

# 870

to determine the credibility of witnesses," Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), and we must affirm the verdict that Fisher was a willful and active participant in the conspiracy.

█ Appellant urges there was insufficient evidence to justify the conclusion that he was aware that the marihuana had been illegally imported. Fisher admitted knowledge that Truelove and the others had been smuggling marihuana from Jamaica over a period of time and that the crates at the airport constituted a shipment in that illegal operation. Even without Fisher's admissions the trial court could have properly found that the marihuana was illegally imported and that Fisher had knowledge of that illegal importation on the basis of evidence given by Fisher's co-conspirators. United States v. Washington, 429 F.2d 409 (4 Cir.1970), cert. denied, 400 U.S. 919, 91 S.Ct. 181, 27 L.Ed.2d 159 (1970).

The final contention is that reversal is required because the prosecution failed to call a material witness, William Truelove. The record reveals that while Truelove did not testify he was present and available as a witness pursuant to a writ of habeas corpus ad testificandum procured by the prosecution. It is Fisher's view that the failure of the prosecution to call Truelove when he was available creates a presumption that his testimony would have been unfavorable to the Government. We perceive no merit in this contention.

█ "We agree that the Government must not suppress evidence favorable to a defendant in any prosecution but, for obvious reasons, a United States Attorney is not bound to call to the witness stand every person who appears pursuant to a subpoena issued and served at Government direction." United States v. Wallace, 300 F.2d 525, 530 (4 Cir. 1962). An unfavorable inference does not arise from the prosecution's failure to call a witness where, as here, Fisher knew his identity and availability, did not seek to call him, and made no effort to require the prosecution to call him. United States v. Chase, 372 F.2d 453, 467 (4 Cir. 1967). Where a witness is readily available to both sides, no inference is to be drawn against either party from the fact that he has not been called. United States v. D'Angiolillo, 340 F.2d 453 (2 Cir. 1965), cert. denied, 380 U.S. 955, 85 S.Ct. 1090, 13 L.Ed.2d 972. See Wright, Federal Practice and Procedure: Criminal § 489.

Accordingly, we dispense with oral argument and affirm the judgment below.

Affirmed.