**UNITED STATES of America,
Appellee,**

v.

**James Henry MILLER, Appellant
(Two Cases).**

**Nos. 71–1401, 71–1409.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 5, 1971.

Decided Dec. 22, 1971.

Andrew W. Wood, Richmond, Va. (court-appointed counsel) [Bremner, Byrne & Baber, Richmond, Va., on brief], for appellant.

Rodney Sager, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and FIELD, Circuit Judges.

PER CURIAM:

These are two appeals by James Henry Miller from judgments of conviction entered against him pursuant to a jury verdict of guilty in each case. In No. 71–1401 Miller was charged in a five count indictment with offenses involving United States postal money orders, the first count charging a conspiracy under 18 U.S.C. § 371, and the remaining counts charging substantive violations of 18 U.S.C. § 641. Miller was convicted on the first four counts and the fifth count was dismissed on motion of the Government. In No. 71–1409 Miller was convicted of bail jumping in violation of 18 U.S.C. § 3150.

Upon the appeal in No. 71–1401 the defendant challenges the sufficiency of the Government's evidence, a substantial part of which was the testimony of two witnesses who were named as codefendants with Miller in the conspiracy

count of the subject indictment. It is the suspect nature of this testimony which Miller places in question upon this appeal. While, of course, the testimony of an accomplice should be examined with care and received cautiously, nevertheless, such testimony may be sufficient to sustain a conviction, even though not corroborated if it convinces the jury of the defendant's guilt beyond a reasonable doubt. See United States v. Maddox, 394 F.2d 297 (4 Cir. 1968). The record in this case shows that the District Judge gave the jury the appropriate cautionary charge relative to this testimony and, additionally, there was ample evidence to sustain the jury's verdict of guilty on each count. Accordingly, the judgment of conviction in No. 71–1401 is affirmed.

 In No. 71–1409, the bail jumping case, Miller takes the position that the District Court erred in refusing to grant a request for a continuance to give him an opportunity to subpoena two witnesses in his defense. In a colloquy between the Court and the defendant, Miller stated that the two witnesses would testify with respect to threats made upon his life by certain persons, and it was Miller's position that he failed to appear for trial in response to the conditions of his bail because of his fear of bodily harm or death by reason of such threats. In denying the continuance, the District Judge observed that such fear on Miller's part, even if true, was no defense in law for his nonappearance. We agree with the position taken by the trial court, especially since Miller failed to tender himself to the authorities or otherwise ask that any protective measures be taken for his safety prior to fleeing the jurisdiction. See Weddington, etc. v. Commonwealth, 79 Ky. 582 (1881); Fleenor v. State, 53 Ind.Rep. 166 (1877). Accordingly, the conviction in this case is also affirmed.

In passing sentence, the District Court sentenced Miller to a term of five years on each of the four counts in No. 71–1401 with the provision that the commitments run concurrently. In No. 71– 1409 the Court committed Miller for a term of five years to run consecutively to the commitment in No. 71–1401.

While, as we have stated, the defense proffered by Miller in the bail jumping case was insufficient in law, it was an element which should have been considered by the Court in the disposition of the case. Whether it was so considered is not apparent from the record and, accordingly, we remand the case to the District Court in order that the Judge may review the sentence in No. 71–1409 in the light of this observation. See United States v. Hawthorne, 356 F. 2d 740 (4 Cir. 1966).

Remanded.