**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Roger Thomas ELEY, Defendant-Appellant.**

**No. 73-1263**
**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

June 26, 1973.

Rehearing and Rehearing En Banc Denied July 30, 1973.

Marvin S. Arrington, Atlanta, Ga., (Court Appointed), for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Eugene A. Medori, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant was indicted for bank robbery on July 7, 1971. His trial was set for July 18, 1972. He failed to appear and was then indicted for bail jumping. 18 U.S.C.A. § 3150. His conviction and this appeal therefrom followed in due course.

The district court did not err in refusing to permit appellant to establish fear as his motive for bail jumping. Cf. United States v. Miller, 4 Cir., 1971, 451 F.2d 1306. There was no proffer of facts sufficient to make out a denial of counsel within the reach of Massiah v.

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409.

United States, 1964, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246, or otherwise. The nearest approach to a proffer is the pre-trial affidavit of counsel for appellant reciting only what appellant had stated to him but its contents do not rise above the level of claiming that the prosecutor conferred with appellant in the absence of and without notifying appellant's court-appointed counsel. Appellant filed a post-trial affidavit to the same effect. This bare circumstance would not make out a *Massiah* violation. We are not told for example, that the conversations or arrangement, if any, with the law enforcement authorities were not at the volition of appellant and, at his direction, to the exclusion of his counsel.

The judgment of conviction is affirmed.