**UNITED STATES of America, Appellee,**

v.

**Mancil Washington CLARK, a/k/a "Mauser," Appellant.**

No. 75–1618.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 8, 1975.

Decided Feb. 20, 1976.

---

Carl Phillip Horton, Oakton, Va. [court-appointed counsel], for appellant.

J. Frederick Sinclair, Asst. U. S. Atty., Alexandria, Va. (William B. Cummings, U. S. Atty., and Justin W. Williams, Asst. U. S. Atty., Alexandria, Va., on brief), for appellee.

Before BOREMAN, Senior Circuit Judge, WIDENER, Circuit Judge, and WATKINS, District Judge.*

PER CURIAM:

Appellant, Mancil Washington Clark, was convicted of bank robbery under 18 U.S.C. § 2113(a) and (d). On appeal he asserts that the uncorroborated testimony of an accomplice was insufficient evidence upon which to base a guilty verdict. In addition, he contends that the district court erred in overruling a pretrial motion to strike from the indictment, as surplusage, the reference to him by the phrase "a/k/a 'Mauser.'"

On December 26, 1974, two armed men robbed a federally insured bank in Arlington, Virginia. They were observed leaving the bank's parking lot in an automobile driven by a third man. The automobile was identified as belonging to Edward Hill. After making several different statements concerning the number and identity of the people involved in the bank robbery, Hill told federal investigators that he and Duane Walker robbed the bank and he implicated appellant, Mancil Clark, as the driver of the getaway car. The only evidence presented at trial that connected Clark to the robbery was Hill's testimony and a gun which belonged to Clark that allegedly was used by Walker in the robbery. The defendant produced evidence which, if believed, would have fully exonerated him from any participation in the robbery.

* Of the District of Maryland sitting by designation.

The conflict between the testimony of Hill and Clark was a proper question for resolution by the jury. Although the testimony of an accomplice should be examined with care and received cautiously, it is sufficient to sustain a conviction, even though uncorroborated, if it convinces a jury of the defendant's guilt beyond a reasonable doubt. *United States v. Miller,* 451 F.2d 1306 (4 Cir. 1971); *United States v. Washington,* 429 F.2d 409 (4 Cir. 1970); *United States v. Horning,* 409 F.2d 424 (4 Cir. 1969); *United States v. Maddox,* 394 F.2d 297 (4 Cir. 1968). The record shows both that the district court gave the jury the appropriate cautionary charge relative to this accomplice's testimony and that there was sufficient evidence to sustain the jury's verdict.

Prior to trial appellant made a motion to strike surplusage from the indictment by having an alleged alias removed therefrom. On appeal Clark contends that it was prejudicial error for the district court to overrule the motion to strike the phrase "a/k/a 'Mauser'" from the indictment. He argues that the use of the word "Mauser" (a type of German gun) was inflammatory and unnecessary.[1]

If the Government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts charged in the indictment, the inclusion of the alias in the indictment is both relevant and permissible, and a pretrial motion to strike should not be granted. *United States v. Skolek,* 474 F.2d 582, 586 (10 Cir. 1973); *United States v. Miller,* 381 F.2d 529 (2 Cir. 1967), *cert. denied,* 392 U.S. 929, 88 S.Ct. 2273, 20 L.Ed.2d 1387 (1968). However, if the prosecution either fails to offer proof relating to the alias or the alias, though proven, holds no relationship to the acts charged, a motion to strike may be renewed, the alias stricken and an appropriate instruction given the jury. *United States v. Addonizio,* 313 F.Supp. 486 (D.N.J.

1970), *aff'd on other grounds,* 451 F.2d 49 (3 Cir. 1971), *cert. denied,* 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812 (1972).

At trial the prosecution did not use the alias as part of its proof connecting the identity of the defendant to the robbery. Although the existence of an alias was proven, it apparently served no purpose in the prosecution's proof and bore no direct relationship to any of the acts charged. Had the defense renewed its motion to strike during trial, it should have been granted. However, Clark failed to renew his motion to strike and there has been no showing that the use of the alias was prejudicial to the defendant. Under these circumstances the use of the alias was not error.

We have considered other asserted points of error but we perceive no error or additional points which merit discussion. Accordingly, we affirm the judgment of the district court.

*Affirmed.*

---

1. No definition for the term "Mauser" was given at trial. In addition, there was contradictory evidence that Clark's nickname might have been "Mousie."