809 F.2d 786
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guy GILBERT Defendant-Appellant.
 No. 86-5553.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 31, 1986.
Decided Dec. 31, 1986.
 
 George L. Jones on brief, for appellant.
 Vinton D. Lide, United States Attorney; Eric W. Ruschky, Assistant United States Attorney on brief, for appellee.
 N.D.W.Va.
 AFFIRMED.
 Appeal from the United States District Court for the District of South Carolina, at Charleston. C. Weston Houck, District Judge. (CR 85-129).
 Before CHAPMAN, Circuit Judge, HAYNSWORTH, Senior Circuit Judge, and MAXWELL, Chief United States District Judge for the North District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Guy Gilbert appeals his conviction of interstate transportation of a stolen motor vehicle contending that the evidence was not sufficient to support his conviction, primarily because the testimony of William Earl Johnson was not worthy of belief. Johnson was an accomplice in the crime and was indicted with the appellant, but Johnson entered a plea of guilty and testified for the prosecution. Johnson's testimony at trial contradicted statements he had previously made to an FBI agent prior to the change of his plea.
 
 
 2
 In this appeal we must view the evidence in the light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979). The essential elements the government must prove beyond a reasonable doubt in a prosecution under 18 U.S.C. Sec. 2312 are (1) the motor vehicle in question was stolen, (2) the defendant or defendants transported it in interstate commerce, and (3) the defendant or defendants knew that the motor vehicle was stolen. United States v. Mansaw, 714 F.2d 785 (8th Cir.1983).
 
 
 3
 Gilbert is not the first defendant to be surprised by the testimony of an accomplice who has entered a plea of guilty prior to trial and given testimony inconsistent with statements he made prior to his change of plea. The credibility of witnesses is for the jury. United States v. Anderson, 481 F.2d 685 (4th Cir.1973), aff'd. 417 U.S. 211 (1974). There was no claim that the trial judge did not properly charge the jury on the questions of mere presence, aiding and abetting and how the jury should consider the testimony of an accomplice. The testimony of an accomplice is sufficient to sustain a conviction, even though uncorroborated, if the jury is convinced beyond a reasonable doubt of the defendant's guilt. United States v. Clark, 541 F.2d 1016 (4th Cir.1976). Johnson was extensively cross-examined about his prior inconsistent statements and this information was considered by the jury in weighing his testimony. There was ample testimony to prove each of the necessary elements of the crime beyond a reasonable doubt. We conclude that oral argument would not assist us in deciding this appeal, and we affirm the district court.
 
 
 4
 AFFIRMED.