**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

JOHN DOE, I, a/k/a Reginald
Edwards Lovette, a/k/a Lawrence

No. 99-4831

Ige, a/k/a Lawrence Tunde Ige,
a/k/a Lawrene Joseph Olutunde Ige,
a/k/a Lawrence Isa, a/k/a Peter
Olarewaju,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-99-177)

Submitted: April 13, 2000

Decided: April 21, 2000

Before WIDENER and WILKINS, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Doe, I, Appellant Pro Se. Alessandra DeBlasio, OFFICE OF
THE UNITED STATES ATTORNEY, Alexandria, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lawrence Tunde Ige, charged as John Doe, appeals his criminal judgment convicting him of making a false statement in an application for a passport, in violation of 18 U.S.C.A.§ 1542 (West Supp. 1999), and possessing a false identification document with the intent to use the document to defraud the United States, in violation of 18 U.S.C.A. § 1028(a)(4) (West Supp. 1999). On appeal, Ige assigns error to the district court's denial of Ige's motion to admit "crucial relevant evidence to establish a valid defense." Ige also objects to the jury's failure to "take into consideration" the testimony of the Arlington, Virginia, post office and Maryland Motor Vehicle Authority (MMVA) employees. Ige also assigns error to the Government's handwriting expert comparing the handwriting on the passport application to an INS document written by Ige, and that he did not have adequate time to review the handwriting exhibit before trial. Finally, he alleges that the Government erred by listing his aliases on the indictment and publishing it to the jury. Finding no error, we affirm.

We find that the district court did not abuse its discretion in making the disputed evidentiary rulings. See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997), cert. denied, 523 U.S. 1101 (1998). We do not find any evidence that the jury failed to take into consideration the testimony of the post office and MMVA employees, and we will not disturb the credibility determinations of the jury on appeal. See United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied, 525 U.S. 1141 (1999). Finally, the inclusion of the aliases in the indictment was relevant and permissible. See United States v. Clark, 541 F.2d 1016, 1018 (4th Cir. 1976).

We therefore affirm the judgment of conviction. We deny Ige's motion to proceed on appeal in forma pauperis as moot. We dispense with oral argument because the facts and legal contentions are ade-

2

quately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED