

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2002

# USA v. Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2150

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Brown" (2002). *2002 Decisions.* Paper 706.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/706

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No:  01-2150

UNITED STATES OF AMERICA

v.

ANDREW BROWN,
a/k/a TYREE BRYANT,

Andrew Brown,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 99-cr-00730)
District Judge: Honorable William H. Yohn, Jr.

Submitted Under Third Circuit LAR 34.1(a)
on June 11, 2002

Before: SLOVITER, ROTH
and MCKEE, Circuit Judges

(Opinion filed: November 6, 2002)

O P I N I O N

ROTH, Circuit Judge:

Andrew Brown, a/k/a Tyree Bryant, appeals his conviction in the United States District Court for the Eastern District of Pennsylvania of one count of possession of a firearm by a convicted felon in violation of Title 18, United States Code §§ 922(g)(1) and 924(e). Brown was sentenced to 270 months in prison with a mandatory term of 5 years supervised release. In addition, he was fined $2,000. Brown raises three issues on his appeal: (1) The commerce clause element of § 922(g) was not satisfied in the absence of evidence that the gun had a current effect on commerce, (2) the sentence was excessive without the statutory authority to supersede the prescribed maximum, and (3) he was deprived of his right to a fair trial.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 to review the district court's judgment of conviction. Because this appeal involves review of legal questions, we exercise plenary review. *United States v. Stewart*, 185 F. 3d 112, 123 n.4 (3d Cir.), *cert. denied*, 528 U.S. 1063 (1999). Furthermore, because Brown did not challenge government counsel's summation in the district court, we review this contention for plain error only. *Fed. R. Crim. P. 52(b); United States v. Brown*, 254 F. 3d 454, 458 (3d Cir. 2001). For the following reasons, we will affirm the judgment of the district court.

The facts of this case are familiar to the parties so we will not repeat them.

First, Brown contends that Section 922(g) was not satisfied because there was no evidence that the gun had a current effect on commerce. This is an incorrect assumption of the law. It is not necessary that the weapon have a current effect on interstate commerce if it had such effect in the past. In *United States v. Singletary*, 268 F.3d 196, 200 (3d Cir.

2

2001), we found that, "the transport of the weapon in interstate commerce, however remote in the distant past, gives its present intrastate possession a sufficient nexus to interstate commerce to fall within the ambit of the statute." *See also United States v. Coward*, 296 F.3d 176, 183-184 (3d Cir. 2002) (reaffirming the constitutionality of Section 922(g) in response to similar challenge). Brown stipulated at trial that the firearm was manufactured outside of Pennsylvania. Therefore, at one point, its effect on interstate commerce was sufficient to satisfy the requirements of Section 922(g).

Second, Brown claims that, in sentencing him, the District Court incorrectly applied Title 18, United States Code, § 924(e), the Armed Career Criminal Act (ACCA). This conclusion is also incorrect. Brown claims that the government "by-passed" § 924(a), which set out a maximum penalty of ten years imprisonment, for § 924(e), which mandates a minimum penalty of fifteen years. Brown was subject to the enhanced penalties of § 924(e) based upon his prior criminal record. Section 924(e) provides for a fifteen year statutory minimum for those who violate § 922(g) and have three prior convictions for violent felonies or controlled substances. Therefore, the appropriate penalty was imposed by the District Court.

Brown also raises an *Apprendi* challenge to his sentence. *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi*, however, is not applicable to an enhancement imposed for a prior conviction. The Court, in *Apprendi*, specifically excluded the fact of a prior conviction from those elements which must be submitted to a jury. *Id.* at 490. Here, Brown's prior convictions enhanced his punishment so that his sentence fell under the 15

3

year provision of § 924(e) rather than the 10 year provision of § 924(a) of the ACCA. In a similar case, *United States v. Mack*, 229 F.3d 226 (3d Cir. 2000), we found that a conviction under 922(g)(1) was subject to the enhanced penalty under § 924(e), based upon defendant's prior convictions, so that the *Apprendi* challenge failed. *Id.* at 235 n.12. Although § 924(e) prescribes no statutory maximum penalty, the Supreme Court has construed it to authorize a life term. *See Custis v. United States*, 511 U.S. 485 (1994). Therefore, Brown's sentence of 270 months falls within the maximum of life imprisonment and survives the *Apprendi* challenge.

Brown next argues that he was denied the right to a fair trial. First, he contends that testimony revealing his aliases tainted the jury. When asked how he was able to identify the defendant as Andrew Brown, after giving the alias "Tyree Brown," Detective Brooks testified that he found the name "to be listed as one of Andrew Brown's aliases." Brown argues that the language referring to Tyree Brown as *one* of his aliases indicates to the jury the presence of another prior conviction. This argument is without merit. This testimonial statement does not indicate Brown had more than one prior conviction. The answer by Detective Brooks was an evidentiary statement as to how he discovered Brown's true identity and was essential to identifying how the investigation was completed. "If the government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts charged in the indictment, the inclusion of the alias is both relevant and permissible . . .." *United States v. Clark*, 541 F.2d 1016, 1018 (4th Cir. 1976) (citation omitted). *See also United States v. Wilkerson*,

4

456 F.2d 57, 59 (6th Cir. 1972) (finding "[o]nly when proof of an alias is relevant to identifying the defendant should a court allow its inclusion in the indictment and its subsequent introduction at trial."); *United States v. Burton*, 525 F.2d 17, 19 (2d Cir. 1975); *United States v. Miller*, 381 F.2d 529, 536 (2d Cir. 1967); *United States v. Kalish*, 690 F.2d 1144, 1155 (5th Cir. 1982) (upholding testimony of defendant's alias where it was used to conceal identity from officers). We conclude that this statement did not deny Brown the right to a fair trial.

Second, Brown contends that the government's summation constituted prosecutorial misconduct. Brown believes that the closing argument was improper due to government counsel's suggestion that, to find the defendant not guilty, the jury would have to believe that one of the government's witnesses was lying. In addition, it is argued that counsel for the government injected personal opinion regarding the credibility of witnesses. These arguments are incorrect. In order to find prosecutorial misconduct under a plain error standard, the record must reveal an "egregious error or a manifest miscarriage of justice." *United States v. Price*, 76 F.3d 526, 530 (3d Cir. 1996). Government counsel's statements fall short of this standard. Counsel's statements did not improperly inject personal opinion or facts not in evidence. *See United States v. Saada*, 212 F.3d 210, 225 (3d Cir. 2000) (finding two criteria for improper vouching: "(1) the prosecutor must assure the jury that testimony of a government witness is credible; (2)this assurance must be based on either the prosecutor's personal knowledge or other information not contained in the record"). The statements made in summation were proper and Brown's right to a fair

5

trial was not infringed.

For the foregoing reasons, we will affirm the judgment of the District Court.

_____

TO THE CLERK:

      Please file the foregoing Opinion.

                                    By the Court,

                                      _____S/S Jane R. Roth_____
                                              Circuit Judge