**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4594**

───────────

UNITED STATES OF AMERICA,

                 Plaintiff – Appellee,

      v.

RAY ALLEN DICKS, JR.,

                 Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:14-cr-00015-LO-2)

───────────

Submitted: May 29, 2015              Decided: June 17, 2015

───────────

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Adam M. Krischer, DENNIS, STEWART, KRISCHER, & TERPAK, PLLC, Arlington, Virginia, for Appellant. Dana J. Boente, United States Attorney, Patricia T. Giles, Rebecca H. Bellows, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ray Allen Dicks, Jr., was convicted by a jury of conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a) (2012), and sentenced to 144 months' imprisonment. He appeals, arguing that the evidence is insufficient to support his conviction and that the trial judge improperly interrupted his attorney during closing arguments. Finding no error, we affirm.

The evidence presented at Dicks' trial, viewed in the light most favorable to the Government, see United States v. Burgos, 94 F.3d 849, 854 (4th Cir. 1996) (en banc), was as follows. On November 17, 2013, a Safeway store in Alexandria, Virginia, was robbed by three armed men wearing masks. After learning of the robbery, a customer who had been in the store the day before the robbery contacted police. The customer testified that he noticed a group of "two or three people . . . behaving in a way that seemed unusual to me and worthy of comment." According to the customer, the men were "walking independently in the aisles, and then meeting up and talking with one another briefly, and then separating and going down the aisles again." The customer noticed that one of the men was standing behind him in the checkout line with "only a few smallish items to buy which were the sort of things that you might get at a corner drug store. They didn't seem to be the kind of things that you would make a special trip to a supermarket to buy." Based on these

2

observations, the customer concluded that the men might have been "casing" the store in order to rob it.

Surveillance footage showed the customer in the checkout line; the man behind him was identified as Dicks. Store records also confirmed that the purchase was made using Dicks' Safeway Club card.

Louis Jackson testified that he, along with Dicks, Artemis Riley, and Calvin Lewis (Dicks' cousin), decided to rob the Safeway store and that they all went together on November 16 to "see where all the registers was at, how many people was there, where the booth was at where they kept money . . . checking cameras." The following day, Jackson, Dicks, Riley, and Lewis drove to the Safeway, parked outside the store, and donned masks. According to Jackson, Lewis retrieved the cash from the store's office, while he (Jackson) and Dicks remained in the store. On their way out, Lewis shot and injured one of the customers using a gun that Jackson had taken from the customer. Having heard the gunshot, Riley drove away, leaving the others to flee on foot.

Riley also testified that he, along with Dicks, Lewis, and Jackson, planned to rob the Safeway store and that they had gone "to look at it" the day before the robbery. Riley once worked at the store and claimed some familiarity with it. According to

3

Riley, after the group visited the store, they decided it was "an easy robbery."

After Lewis was arrested, he made a call to his girlfriend that was recorded and played for the jury. During the conversation, Lewis told his girlfriend to tell his "Cuz" to "stay out of the way . . . cause they got him too." She responded, "Who, Ray?" to which Lewis replied, "yeah." A subsequent search of Lewis' residence revealed a black backpack, latex gloves, items of mail addressed to Dicks, and clothing associated with Dicks.

During closing arguments, the following exchange took place between Dicks' counsel and the district court judge:

> [Counsel:] You have to ask yourselves if the evidence is so overwhelming, why offer Artemis and Louis a deal? These guys are dangerous, confessed robbers. Why even get into bed with these guys?
>
> The Court: That's improper argument. Disregard that please.
>
> [Counsel:] I would tell you, Judge - - I'm sorry, I would tell you that the reason is that the physical evidence is not sufficient to prove Mr. Dicks beyond a reasonable doubt. Three men went into a Safeway store on November 17.
>
> The Court: You will disregard that last statement as well. Counsel, there's no evidence of why other individuals entered into those plea agreements. It's pure speculation on his behalf, and he's got no basis for making that statement.

Dicks' counsel did not object.

4

Dicks argues, first, that the evidence was insufficient to support the jury's guilty verdict. A defendant challenging the sufficiency of the evidence faces "a heavy burden." United States v. McLean, 715 F.3d 129, 137 (4th Cir. 2013) (internal quotation marks omitted). The jury's verdict must be sustained if, viewed in the light most favorable to the Government, there is substantial evidence in the record to support the conviction. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Jaensch, 665 F.3d at 93 (internal quotation marks and alteration omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." United States v. Ashley, 606 F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted). In evaluating the sufficiency of the evidence, this Court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the Government. United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007).

To prove robbery in violation of the Hobbs Act, the Government must prove:

> (1) that the defendant coerced the victim to part with property; (2) that the coercion occurred through the wrongful use of actual or threatened force, violence or fear or under color of official right; and (3) that the coercion occurred in such a way as to affect adversely interstate commerce.

United States v. Reed, 780 F.3d 260, 271 (4th Cir. 2015) (internal quotation marks omitted).  Conspiracy to commit Hobbs Act robbery requires the Government to prove that the defendant agreed with at least one other person to commit acts that would satisfy the above three elements.  United States v. Buffey, 899 F.2d 1402, 1403 (4th Cir. 1990).

We conclude that the Government presented ample evidence upon which to support a finding that Dicks agreed with Lewis, Riley, and Jackson to rob the Safeway store.  Riley and Jackson testified that Dicks participated in the planning of the robbery (as well as the robbery itself), and independent evidence placed Dicks at the Safeway the day before the robbery, along with Riley and Jackson, both of whom confessed to the robbery. Nevertheless, Dicks argues that the evidence is insufficient to support the jury's verdict because "[t]here was no evidence beyond the testimony of two convicted felons that placed [him] at the Safeway in Old Town Virginia on November 17, 2013, the date of the robbery."  This argument fails for three reasons. First, "determinations of credibility are within the sole province of the jury and are not susceptible to judicial

review." Burgos, 94 F.3d at 863 (internal quotation marks omitted). Second, the testimony of an accomplice is "sufficient to sustain a conviction, even though uncorroborated, if it convinces a jury of the defendant's guilt beyond a reasonable doubt." United States v. Clark, 541 F.2d 1016, 1018 (4th Cir. 1976) (per curiam). And, finally, the Government did not need to prove Dicks' presence on the day of the robbery itself in order to sustain its burden of proof for the conspiracy conviction.

Next, Dicks argues that the district court judge's interruption during counsel's closing argument deprived him of his Sixth Amendment right to a fair trial. Because Dicks failed to note an objection to the interruption, however, review is for plain error only. See United States v. Godwin, 272 F.3d 659, 672-73 (4th Cir. 2001) (failure to object limits review of "judicial interference contention only for plain error"). To establish a plain error affecting his substantial rights, Dicks "must establish that the jury actually convicted [him] based upon the trial error." United States v. Williamson, 706 F.3d 405, 412 (4th Cir.), cert. denied, 134 S. Ct. 421 (2013) (internal quotation marks and alteration omitted). We find no error, let alone plain error.

"[I]t is settled beyond doubt that in a federal court the judge has the right, and often [the] obligation, to interrupt

7

the presentations of counsel in order to clarify misunderstandings," and "must manage litigation to avoid needless consumption of time." United States v. Smith, 452 F.3d 323, 332 (4th Cir. 2006) (citations and internal quotation marks omitted). "In the specific context of judicial intervention claims, [this court] may not intervene unless the judge's comments were so prejudicial as to deny the defendant[] an opportunity for a fair and impartial trial." Id. (internal quotation marks omitted).

Dicks appears to argue that the district court judge prevented his attorney from asserting that Riley's and Jackson's testimony should be given less weight because they were offered "a deal with the government in exchange for [their] testimony implicating [him]." However, this argument misrepresents the record: counsel had, in fact, already argued in some detail that Riley's and Jackson's testimony was not credible, pointing out numerous inconsistencies in their statements, highlighting the sentencing benefits each received as a result of their testimony, and reminding the jurors of their status as convicted felons. It was only when counsel then began to question the Government's motives that the judge interrupted. This court has upheld a trial judge's interruption during counsel's closing argument when counsel suggests, without any support in the record, an inappropriate motive on the part of the

8

Government.  See, e.g., United States v. Newsome, 322 F.3d 328, 335 (4th Cir. 2003) ("Because counsel for [the defendant] was suggesting in this statement to the jury some impropriety by the United States, a position that counsel never established in court, the district court appropriately concluded that the argument that counsel was making had limited value and may have been unfair.").  Accordingly, we find that the district court did not err by interrupting Dicks' attorney during closing argument.

Therefore, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

9