**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4936**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

KELVIN BROWN, a/k/a Doom,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, Senior District Judge. (4:13-cr-00110-RGD-TEM-4)

Submitted: November 30, 2015      Decided: January 11, 2016

Before DUNCAN, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven P. Hanna, Richmond, Virginia, for Appellant. Joseph Kevin Wheatley, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Howard Jacob Zlotnick, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Brown appeals the district court's judgment sentencing him to 687 months of imprisonment pursuant to his convictions for conspiring to distribute powder cocaine, crack cocaine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), (b)(1)(B), 846 (2012) (Count 1); two counts of distributing cocaine, in violation of § 841(a)(1), (b)(1)(C) (Counts 6, 8); possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 10); two counts of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012) (Counts 9, 11); and possessing a firearm while a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012) (Count 12). Brown's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal but questions whether (1) the district court should have excluded evidence of Brown's nickname, "Doom," (2) the district court judge should have recused himself due to bias arising from Brown's pro se status at trial, and (3) the evidence was sufficient to sustain Brown's convictions.

Brown filed a pro se brief arguing, in addition, that the district court erred in (1) giving the jury an <u>Allen</u>[1] charge, (2) excluding evidence of Brown's rap career, (3) admitting evidence of allegedly intimidating Facebook posts, (4) admitting evidence of a 2008 police chase, (5) depriving Brown of his right to standby counsel, (6) tolerating prosecutorial misconduct, (7) failing to order a new trial when the jury rendered a compromise verdict, (8) prematurely informing the jury of its option to render a partial verdict, and (9) instructing the jury, and that (10) the cumulative effect of these errors warrants reversal, even if no single error warrants relief.[2]  The Government did not file a brief.  We affirm.

I

We review objections to the admissibility of evidence under Fed. R. Evid. 403 for abuse of discretion.  <u>United States v. Forrest</u>, 429 F.3d 73, 79 (4th Cir. 2005).  Rule 403 instructs district courts to exclude otherwise relevant evidence if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury,

---

[1] <u>Allen v. United States</u>, 164 U.S. 492 (1896).

[2] Brown also repeated counsel's arguments that the evidence was insufficient to sustain his conviction and that the district judge should have recused himself due to bias.

undue delay, wasting time, or needlessly presenting cumulative evidence."

Evidence of a defendant's use of an alias or nickname is admissible if relevant to identification of the defendant in connection with the crimes alleged. United States v. Clark, 541 F.2d 1016, 1018 (4th Cir. 1976). But even when relevant, a defendant's alias may be inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice. United States v. Farmer, 583 F.3d 131, 135 (2d Cir. 2009).

Here, we discern no misuse of Brown's nickname. Brown's identity was at issue, as many of the text messages presented to the jury provided only a nickname. Moreover, that nickname, "Doom," does not suggest a propensity to engage in drug trafficking or to possess firearms illegally. The district court thus appropriately admitted evidence of Brown's alias.

II

We review the denial of a motion for recusal for abuse of discretion. Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co., 748 F.3d 160, 167 (4th Cir.), cert. denied, 135 S. Ct. 437 (2014). A judge must recuse himself when "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1) (2012). In order to disqualify a judge, the "bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand.'" Belue v. Leventhal, 640 F.3d

4

567, 572 (quoting Liteky v. United States, 510 U.S. 540, 545 (1994)). "[J]udicial rulings and 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings' almost 'never constitute a valid basis for a bias or partiality motion,'" id. at 573 (quoting Liteky, 510 U.S. at 555), "'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible,'" United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008) (quoting Liteky, 510 U.S. at 555).

Our review of the record discloses no evidence that the district judge displayed bias or "antagonism that would make fair judgment impossible." Lentz, 524 F.3d at 530. Consequently, the district court did not abuse its discretion in denying Brown's motion for recusal.

### III

We review de novo the district court's denial of a Fed. R. Crim. P. 29 motion for judgment of acquittal. United States v. Zayyad, 741 F.3d 452, 462 (4th Cir. 2014). We will affirm if, viewing the evidence in the light most favorable to the government, "the conviction is supported by substantial evidence." United States v. Hickman, 626 F.3d 756, 762-63 (4th Cir. 2010) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a

defendant's guilt beyond a reasonable doubt." United States v. Howard, 773 F.3d 519, 525 (4th Cir. 2014) (internal quotation marks omitted). "A sufficiency challenge presents a heavy burden, which a defendant will only overcome in cases where the prosecution's failure is clear." Zayyad, 741 F.3d at 462.

## A

To obtain a conviction for a drug conspiracy under 21 U.S.C. § 846, the government had to show that Brown (1) agreed with at least one more person to engage in conduct that violated 21 U.S.C. § 841; (2) had knowledge of the conspiracy; and (3) knowingly and voluntarily participated in the conspiracy. Howard, 773 F.3d at 525. Additionally, "in order for the statutory maximums and mandatory minimums of § 841(b) to apply," the Government must demonstrate "that the threshold drug amount was reasonably foreseeable" to Brown. United States v. Brooks, 524 F.3d 549, 558 (4th Cir. 2008) (internal quotation marks omitted).

Our review of the record reflects that substantial evidence supports Count 1, Brown's drug conspiracy conviction. Multiple officers observed Brown sell drugs in controlled buys with confidential informants. Numerous coconspirators explained Brown's role as a seller of crack and powder cocaine and marijuana within the conspiracy. Altogether, the Government presented extensive testimony, corroborated by text messages and

6

police observation, that was more than sufficient for a reasonable jury to conclude that Brown engaged in the charged drug conspiracy.

B

Under 21 U.S.C. § 841(a)(1), (b)(1)(C), in order to support the conviction for Counts 6 and 8, the Government was required to show that Brown knowingly distributed cocaine. See Howard, 773 F.3d 526 (defining elements of offense). We conclude that the Government satisfied this burden. As to Count 6, one of Brown's coconspirators testified that Brown offered him cocaine on June 4, 2013, and the next day, that coconspirator purchased 14 grams of cocaine from Brown in a controlled buy. Text messages, phone recordings, and police observation corroborated his testimony. As to Count 8, when police raided Brown's apartment, they found cocaine, a box of cell phones, a digital scale, and a loaded handgun, all supporting inferences of an active distribution business. The district court did not err in ruling these counts were supported by substantial evidence.

C

To establish Counts 9 and 11, under 18 U.S.C. § 924(c), the Government had to show that Brown knowingly and unlawfully possessed a firearm in furtherance of the specified drug trafficking crime. We hold that a reasonable jury could conclude that the Government met its burden. As to Count 9,

7

while testifying that they witnessed Brown sell cocaine at his apartment, two of Brown's coconspirators explained that his semiautomatic pistol was on the kitchen counter, next to the drug scales, during the transaction. With respect to Count 11, in a search of Brown's apartment, police discovered cocaine and other paraphernalia of drug distribution near a loaded semiautomatic firearm with unique stitching on the holster. Testimony linked the firearm to Brown. As to each count, the evidence sufficed to permit the jury to find as a factual matter that Brown possessed the firearm in furtherance of his drug trafficking activities. See United States v. Moore, 769 F.3d 264, 269-70 (4th Cir. 2014) (identifying elements and standard of review), cert. denied, 135 S. Ct. 1463 (2015).

D

In order to secure a conviction on Count 12 under 18 U.S.C. § 922(g), the Government had to show that Brown had previously been convicted of a felony punishable by a term of imprisonment of over one year and had knowingly possessed a firearm that had traveled in interstate or foreign commerce. See United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006) (en banc) (defining offense). The parties stipulated that Brown was a convicted felon at the time his residence was searched, and the evidence described above demonstrates that Brown possessed a firearm at

that time.  Accordingly, the Government satisfied its burden of proof on Count 12.

In sum, we conclude that substantial evidence supports all of Brown's convictions.

IV

In accordance with Anders, we have reviewed the record in this case and the issues raised in Brown's pro se supplemental brief, and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Brown, in writing, of his right to petition the Supreme Court of the United States for further review.  If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Brown.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED